IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT K. ELLIS,

        Petitioner,

v.

DEBORAH A. HICKEY, Warden,
and WARREN LITTLE, United
States Probation Officer,

        Respondents.

CIVIL ACTION NO.: CV208-072

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Ellis ("Ellis"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent[1] filed a Response, and Ellis filed a Traverse. Respondent filed a Reply, to which Ellis responded. For the reasons which follow, Ellis' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Ellis was convicted in the Eastern District of Kentucky of three (3) drug-related offenses and two (2) firearm-related offenses in December 2003. Ellis was sentenced to 111 months' imprisonment on all charges. (CR03-24-KKC, Doc. Nos. 53, 64).

---

[1] The Warden at the facility where a petitioner is housed at the time of filing is the only proper Respondent in a section 2241 petition. 28 U.S.C. § 2243. Thus, Warren Little should be **dismissed** as a Respondent.

In his petition, Ellis asserts his Pre-Sentence Investigation Report ("PSI") contains erroneous information concerning an allegation that he attempted to abscond while on state parole. Ellis requests that this alleged erroneous information be removed from his PSI so that he can be placed in a different classification category and that he be relocated to a federal prison facility in his home region.

Respondent contends that the Bureau of Prisons ("BOP") granted Ellis partial relief by recalculating his classification due to the removal of the absconding charge from his PSI. Respondent alleges that Ellis failed to exhaust his administrative remedies to have a management variable removed. Respondent also alleges that Ellis has no liberty interest in placement at a prison of his own choosing.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Exhaustion**

Respondent avers Ellis has not exhausted his administrative remedies for his request that the management variable be removed from his security classification or his request that he be reassigned to a federal prison in Kentucky. Respondent asserts that the removal of the absconding charge does not make the BOP's internal management variable vanish.

Ellis contends that he has exhausted his administrative remedies and that the removal of the false entry in his PSI only addressed a portion of his request. Ellis asserts the reason the management variable was in place was because of this false entry, and, because the entry has been removed, the justification for the variable also has been removed. Ellis also asserts this variable is preventing him from being housed at a facility closer to his family.

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)). The responsibility for computing a sentence lies with the BOP. Gonzalez, 959 F.3d at 212.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.13(a). An inmate dissatisfied with the informal request resolution can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

The evidence before the Court reveals that Ellis contested the accuracy of information contained in his PSI regarding the absconding charge. Ellis requested that his central file be corrected. While Ellis noted having the absconding charge in his PSI erroneously "affected [his] custody level keeping me from camp close to home and
3

family", the only relief Ellis requested through the administrative remedy process was to have the absconding charge removed from his central file. (Doc. No. 15, Exs. 3-4; Doc. No. 1, Ex. 9). Ellis did not exhaust his administrative remedies as to his requests that his custody level be changed and that he be transferred to another facility prior to filing this petition.[2] These claims should be dismissed.

## II. Liberty Interest in Transfer

Respondent contends Ellis has no liberty interest in being housed at a particular facility or region. Respondent avers the BOP has discretion to determine where and under what conditions a federal prisoner is housed.

Prisoners do not have a constitutionally protected right to be transferred to a particular penal institution. See McKune v. Lile, 536 U.S. 24, 39 (2002). Great deference must be given to the prison officials' administrative determination that an inmate is ineligible to be transferred. Turner v. Safley, 482 U.S. 78, 89 (1987). As Ellis has no liberty interest in being housed at a particular institution, this portion of Ellis' petition should be denied.

---

[2] Plaintiff submitted a copy of his Request to Staff in which he requested the removal of the management variable and that he be transferred to the Manchester, Kentucky, facility. However, this Request was dated August 15, 2008, and Ellis filed his petition on June 11, 2008. (Doc. No. 13, Ex. D). Ellis did not satisfy the exhaustion requirements prior to filing this petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Ellis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, in part, without prejudice, due to Ellis failure to exhaust his administrative remedies. It is also my **RECOMMENDATION** that the portion of Ellis' petition seeking this Court to compel the Bureau of Prisons to transfer him to another institution be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of May, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE